IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-cv-00171-RJC-DSC

| | |
|---|---|
| T.W.T. DISTRIBUTING, INC., ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| v. ) | |
| ) | |
| JOHNSON PRODUCTS ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (document #7); as well as the parties' briefs and exhibits. See documents ##8, 9 and 11.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion to Dismiss be <u>granted</u> as to Plaintiff's claim for promissory estoppel and <u>denied</u> in all other respects, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Accepting the factual allegations of the Complaint as true, Plaintiff is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. Defendant is a Delaware corporation with its principal place of business in Dallas, Texas.

Plaintiff is a distributor of hair care products. Defendant manufactures hair care products. In September 2009, Plaintiff and Defendant negotiated a contract for Plaintiff to act as

Defendant's "warehousing and transportation management services agent." During the course of those negotiations, Plaintiff determined it needed 18,000 additional square feet of warehouse space to accommodate Defendant's products. Plaintiff investigated available warehouse space and received an offer for a five-year lease from Pro Logistics, LLC ("Landlord").

Before agreeing to the lease, Plaintiff (through its CEO, Tom Tyree) negotiated a commensurate contract term with Defendant (through its CEO, Eric Brown). Specifically, Tyree asked Brown if Defendant intended to do business with Plaintiff for the duration of the proposed five-year lease. Tyree explained that Plaintiff had no need for the additional warehouse space unless it was servicing Defendant, and would not enter into a contract with Defendant unless Defendant agreed to a five-year term. In response, Brown stated that Defendant intended for the contract to extend for five years commensurate with the duration of the lease, and agreed to the five-year term. The Complaint alleges that Brown made those representations with reckless indifference to their truthfulness.

Based upon Defendant's representations and agreement to the five-year term, Plaintiff began to lease the warehouse later that month. The parties then finalized the monthly pricing terms and began performance of the contract in late September 2009. The monthly pricing terms were set forth in a letter agreement dated September 29, 2009, and executed by both parties. The parties performed under the contract until October 1, 2012, when Defendant terminated the contract two years prior to completion of the five-year term.

On February 12, 2013, Plaintiff filed its Complaint in Mecklenburg County Superior Court, stating claims for breach of contract, promissory estoppel and negligent misrepresentation.

On March 15, 2013, Defendant removed this matter to the United States District Court for the Western District of North Carolina alleging diversity subject matter jurisdiction. Although the Complaint seeks damages "in excess of $10,000," Plaintiff demanded in excess of $205,000 in pre-litigation correspondence. Subject matter jurisdiction has not been challenged and appears proper.

On April 15, 2013, Defendant filed its Motion to Dismiss the Complaint.

In its "Memorandum of Law in Opposition" (document #9), Plaintiff only opposes dismissal of its breach of contract and negligent misrepresentation claims. See Document #9 at 1. Accordingly, Plaintiff's claim for promissory estoppel is deemed abandoned and the undersigned respectfully recommends that claim be <u>dismissed</u>.

Concerning Plaintiff's remaining claims, Defendant's Motion has been fully briefed and is ripe for determination.

## II. <u>DISCUSSION</u>

### A. <u>Standard of Review</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains

enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual

4

allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

**B. Breach of Contract Claim**

To state a breach of contract claim under North Carolina law, Plaintiff must plead (1) the existence of a valid contract and (2) a breach of that contract by Defendant. Parker v. Glosson, 182 N.C. App. 229, 232, 641 S.E.2d 735, 737 (2007). Plaintiff specifically alleges an agreement with Defendant about the five-year term and the monthly pricing terms. Plaintiff also alleges the parties agreed to other terms and began performing pursuant to the contract in September 2009—the same month their negotiations concluded. See Marx Industries, Inc. v. Baseline Licensing Group, LLC, 2011 WL 3157295, *2 (W.D.N.C. July 26, 2011) (holding a plaintiff must plead sufficient factual allegations to establish that a "plausible" contract exists, but need not plead every detail of the contract). Finally, Plaintiff alleges the parties continued to perform under the contract for three years until the end of September 2012 when Defendant breached the contract by terminating it two years prematurely. These allegations are sufficient to state a claim for breach of contract under North Carolina law.

Defendant's contention that the five-year term was part of an oral agreement does not require dismissal. Under North Carolina law, a valid contract may be partially written and partially parol. McMichael v. Borough Motors, Inc., 14 N.C. App. 441, 444, 188 S.E.2d 721, 722 (1972); see also Beal v. K.H. Stephenson Supply Co., Inc., 36 N.C. App. 505, 508, 244 S.E.2d 463, 465 (1978) (holding that "when a contract is partially parol and partially written, parol evidence may prove the parol terms"). The Statute of Frauds does not apply to service or agency contracts like the one between the parties here. See, e.g., Sheerer v. Fisher, 202 N.C.

5

App. 99, 103, 688 S.E.2d 472, 474 (2010) (holding agreement to compensate an agent or broker for services in the buying or selling of real estate need not be in writing). Moreover, the letter agreement does not contain a merger clause that precludes consideration of extrinsic terms. The oral agreement as to the five-year term does not violate the parol evidence rule because it is not inconsistent with any of the written terms contained in the letter agreement. Zinn v. Walker, 87 N.C. App. 325, 333, 361 S.E.2d 314, 318 (1987) (merger clauses create a rebuttable presumption that the writing represents the final agreement between the parties); Hall v. Hotel L'Europe, Inc., 69 N.C. App. 664, 666, 318 S.E.2d 99, 101 (1984) (holding the parol evidence rule presumes finality with respect to the written terms of the agreement only and does not prevent consideration of parol evidence concerning the duration of contract).

Defendant also argues the Complaint fails to adequately define the contract terms and to show a meeting of the minds. Defendant is entitled to assert defenses based upon meeting of the minds, mutual assent, and definiteness, but the factual allegations in the Complaint are sufficient to withstand dismissal at this stage.

### C. Negligent Misrepresentation Claim

To state a negligent misrepresentation claim under North Carolina law, Plaintiff must plead that it (1) justifiably relied; (2) to its detriment; (3) on information prepared or communicated without reasonable care; (4) by another who owed that party a duty of care. See Simms v. Prudential Life Ins. Co. of. Am., 140 N.C. App. 529, 532, 537 S.E.2d 237, 240 (2000) (quoting Raritan River Steel Co. v. Cherry, Bekaert & Holland, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988)). Where breach of contract and negligent misrepresentation claims arise from the same conduct, the negligent misrepresentation must include an aggravating element such as

fraud, malice, reckless indifference, oppression, insult, or willfulness. Schumacher Immobilien Und Beteiligungs AG v. Prova, Inc., 2010 WL 3943754, *2 (M.D.N.C. Oct. 7, 2010).

Here, the Complaint alleges that Defendant, through its CEO Brown, "represented and promised to [Plaintiff] that it intended for its contract with [Plaintiff] to continue, at minimum, for the duration of the five-year term of the warehouse space lease." Plaintiff alleges that Defendant made such representations with reckless indifference as to their truthfulness; that Plaintiff justifiably relied on those representations to its detriment by leasing warehouse space for a five-year term; and that Plaintiff was damaged as a result. Those allegations state a claim for negligent misrepresentation sufficient to survive a Motion to Dismiss. Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP, 350 N.C. 214, 224-25, 513 S.E.2d 320, 327 (1999) ("[o]rdinarily, the question of whether an actor is reasonable in relying on the representations of another is a matter for the finder of fact") (citing Olivetti Corp. v. Ames Bus. Sys., Inc., 319 N.C. 534, 544, 356 S.E.2d 578, 584 (1987)). See also Schumacher Immobilien Und Beteiligungs AG., 2010 WL 3943754, *2 ("Under North Carolina law, a party to a contract owes the other contracting party a separate and distinct duty not to provide false information to induce the execution of the contract.")

For those and the other reasons stated in Plaintiff's brief, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u> as to Plaintiff's breach of contract and negligent misrepresentation claims.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that

Defendant's "Motion to Dismiss" (document #7) be **GRANTED IN PART** and **DENIED IN PART,** that is, **GRANTED** as to Plaintiff's claim for promissory estoppel and **DENIED** in all other respects.

### IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: June 4, 2013

David S. Cayer
United States Magistrate Judge