UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-171-RJC-DSC

| | |
|---|---|
| T.W.T. DISTRIBUTING, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHNSON PRODUCTS COMPANY, )<br>INC., )<br>Defendant. )<br>)<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Defendants' Motion To Dismiss, (Doc. No. 7), the parties' briefs and exhibits (Doc. Nos. 8; 9; 11), and the Magistrate Judge's Memorandum and Recommendation (M&R), (Doc. No. 12), recommending that this Court grant Defendants' Motion in part and deny in part. The parties have not filed objections to the M&R and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are

challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). No objection to the M&R having been filed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full and careful review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 12), is **ADOPTED** and Defendants' Motion to Dismiss, (Doc. No. 7), is **GRANTED in part and DENIED in part.** Accordingly:

1. Defendant's Motion to Dismiss Plaintiff's Claim for Promissory Estoppel is **GRANTED.**

2. Defendant's Motion to Dismiss Plaintiff's Claim for Breach of Contract and Negligent Misrepresentation is **DENIED**.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge